IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LESLIE JACOB CRAIG, | § |
| Defendant-Petitioner, | § |
| VS. | § CRIMINAL NO. H-06-52-13 |
| UNITED STATES OF AMERICA, | § |
| Plaintiff-Respondent. | § |
| CIVIL ACTION H-08-1805 | § |

**MEMORANDUM AND OPINION**

Leslie Jacob Craig moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 202-month sentence for conspiracy to distribute 50 grams or more of methamphetamine ("ice") between May 2001 to February 22, 2006. Craig pleaded guilty to count 1, the conspiracy count, with a written plea agreement. The written plea agreement included a waiver of the right to appeal or to file a collateral challenge. Craig did not appeal but did file this motion under 28 U.S.C. § 2255. (Docket Entry No. 147). In his motion, he asserts that he did not enter a knowing, voluntary, or intelligent plea or waiver of appellate and postconviction rights. He also asserts that he received ineffective assistance of trial counsel, who "forced" him to admit to the drug amount, that the drug was "ice," and to the factual basis, and who failed to object to the drug calculations or the guideline range.

The government has responded and moved for summary judgment of dismissal.

(Docket Entry No. 768). Craig filed a reply. (Docket Entry No. 771). Based on the motion, response, and reply, the parties' submissions, the record, and the applicable law, this court denies Craig's motion for relief, grants the government's motion for summary dismissal, and, by separate order, enters final judgment. The reasons are set out in detail below.

I.  **Factual Background**

On February 22, 2006, Craig was named with seventeen others in an eight-count indictment. A nine-count superceding indictment issued on March 27, 2006. Craig pleaded guilty on August 14, 2006 to count one, which charged conspiracy to distribute fifty grams or more of methamphetamine ("ice") from May 2006 to February 2006. At the rearraignment hearing, this court accepted Craig's plea after a thorough and detailed Rule 11 colloquy. A transcript of that hearing is filed as part of this record.

At the rearraignment hearing, this court questioned Craig about his competence and his understanding of the rights he was giving up by pleading guilty, the charges against him, the possible sentence, and the terms of the plea agreement. Craig stated that he had not been treated for any kind of mental problem; he was not addicted to any drugs or alcohol; he was not sick; he was not taking any medicines; he was not under the influence of drugs or alcoholic beverages; he had had enough time to talk to his attorney; and he was satisfied with the advice of his counsel. Craig's counsel stated that his client understood the charges he faced and the punishment he faced; that counsel had had enough time to investigate the case; Craig had cooperated with counsel; and he had no question as to Craig's competence. The

court found that Craig was fully competent to enter a knowing, voluntary, and informed plea of guilty.

The court questioned Craig at length as to his understanding of the rights he was giving up by pleading guilty. Craig answered that he understood the rights he was waiving. Craig stated that he understood the charges against him – conspiracy to distribute at least fifty grams or more of a type of methamphetamine known as "ice." The court advised Craig that he faced a sentence of not less than ten years and not more than life and that the maximum sentence he faced was a lifetime in prison. Craig stated that he understood. Craig was also informed about the supervised release term and fines that could be imposed, and again stated that he understood.

The court also reviewed with Craig the uncertainty of the sentencing process under the advisory sentencing guidelines. In particular, Craig stated that he understood that the amount of drugs he was held responsible for would impact his sentence, and that there was no guarantee as to what that amount would be. Craig was also advised that because he was pleading guilty to conspiracy, the court was not limited to considering the drugs that he was directly involved with. Craig was also cautioned that his criminal history could make his sentence worse. Craig also stated that he understood that even if the sentence was heavier than he expected, he could not withdraw his plea.

Craig stated that the facts alleged in the indictment and described in the factual basis were true. Craig pleaded guilty to count 1 of the indictment. Craig stated, under oath, that

every allegation in the indictment was true and that everything the prosecutor said about Craig's involvement was true. Craig stated that he was making his guilty plea freely and voluntarily; no one had forced or threatened him to enter his guilty plea; he was not pleading guilty to protect another person from prosecution; he was not pleading guilty because of any promise made to him; and he was pleading guilty because he was guilty and for no other reason. Counsel for Craig stated that he knew no reason why his client should not plead guilty; knew of no meritorious defenses; and knew of no additional admonishments that should be given.

This court found that Craig was mentally competent to enter an informed plea; the plea was supported by independent facts that established the elements of the offense; the plea was voluntarily and knowingly made; and Craig understood the nature of the proceedings and the consequences of the guilty plea.

A presentence investigation was conducted and the report was filed. Craig was sentenced based on a guideline calculation that produced a base offense level of 35 and a criminal history category of III, which produced a range of 210 to 262 months. The statutory range is from 10 years to life. Craig was sentenced at the low end of the guideline range, adjusted to take into account that he had served 8 months on a related state charge. He received 202 months.

Craig did not appeal. This motion was filed in May 2008. .

## II.     The Applicable Legal Standards

Craig is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed. *See Haines*, 404 U.S. at 521; *see also United States v. Pena,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion does not require an evidentiary hearing if the motion and the record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).

### III. The Plea Agreement Waived the Right to File a Section 2255 Motion

The rearraignment transcript shows that the waiver of appeal was explained in detail, and Craig stated in court, under oath, that he understood. A defendant can waive his right

to file an appeal or a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994). The record shows that the plea and waiver were knowing and voluntary and that the issue challenged on appeal may properly be the subject of waiver. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). The guilty plea sustains the conviction and sentence. Because, as explained below, there is no showing of ineffective assistance, the waiver is enforceable.

### IV. There is No Basis to Find Ineffective Assistance of Counsel

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984); *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001). The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating a claim of ineffective assistance need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland*, 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable

professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

As to the prejudice portion of the inquiry, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Strickland,* 466 U.S. at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor,* 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland,* 466 U.S. at 695-96. Because

Craig pleaded guilty, the relevant inquiry is whether counsel's performance interfered with his ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906 (1984). In the context of a guilty plea, a petitioner shows prejudice by showing that but for his counsel's allegedly incorrect advice, he would have insisted on going to trial. *Mangun v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

This record demonstrates that Craig cannot satisfy either the deficiency or the prejudice requirements of *Strickland*. In his section 2255 motion, Craig alleges that counsel provided ineffective assistance such that he did not knowingly waive his rights to appeal or collaterally attack his conviction and sentence. The rearraignment hearing transcript clearly refutes Craig's allegation. The record precludes Craig's claim that there was ineffective assistance that affected the knowing and voluntary nature of the plea. *See, e.g., United States v. Story*, 439 F.3d 226 (5th Cir. 2006).

The record also precludes Craig's claim that counsel "forced" him to admit to the amount and nature of the drugs, admit to the factual basis, and failed to argue at sentencing about the drug calculations and guideline range. Both Craig's own statements, under oath, in the rearraignment, and his attorney's affidavit, defeat Craig's arguments. The record also

shows that his attorney filed a sentencing memorandum before sentencing, raised arguments about the amount of drugs attributed to Craig for sentencing, and raised arguments about the guideline range that should be used. Based on this record, Craig has failed to show any basis for the relief he seeks. There is no basis to find either deficient performance or prejudice.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). On review of the motion to vacate and the files and records of this case, this court finds that an evidentiary hearing is unnecessary. The record conclusively shows that Craig is entitled to no relief.

## V.    Conclusion

Craig's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 749), is denied. The government's motion for summary judgment, (Docket Entry No. 768), is granted. The corresponding civil action is dismissed with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, the petitioner must also demonstrate that "jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 1042.

Because Craig has not made the necessary showing, this court will not issue a certificate of appealability. Final judgment will issue by separate order.

SIGNED on June 29, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge